IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTNEY D. ROARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 22-524-GBW |
| ) | |
| CHRISTOPHER NIKITUK, et al., ) | |
| ) | |
| Defendants. ) | |

Courtney D. Roark, Pro se Plaintiff.

Helene Elizabeth Episcopo, New Castle County Office of Law, New Castle, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

August 31, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

In this civil rights action, Plaintiff Courtney D. Roark, proceeding *pro se*, brings several claims arising from a traffic stop. (D.I. 1). Before the Court is Defendants' motion to dismiss. (D.I. 4). The matter is fully briefed.

## I. BACKGROUND

Plaintiff named as Defendants the New Castle County Police Department ("NCCPD"), NCCPD Officer Christopher Nikituk, and First State Towing. Plaintiff's allegations, which are accepted as true at this stage of the proceedings, are as follows. On April 17, 2022, Defendant Nikituk pulled Plaintiff over because of a license plate violation. Plaintiff provided his identification, but when Nikituk requested his registration and insurance, Plaintiff provided only a list of legal citations to cases, which Plaintiff describes in his Complaint as "registration and insurance law" (D.I. 1-1 at 11-12 (Attachment A)) and a Delaware Court of Common Pleas docket on which a charge against him for expired tags was nolle prossed (*id.* at 13-14 (Attachment B)).

Defendant Nikituk ordered Plaintiff out of his car and handcuffed him, without stating a crime that he had committed. Nikituk called Defendant First State Towing, which subsequently arrived and towed Plaintiff's car. Defendant Nikituk then released Plaintiff and left him stranded on the side of the road. The next day, Plaintiff paid Defendant First State Towing $350 to release his vehicle.

Plaintiff was cited for the following traffic violations: (1) Failure to have insurance identification in possession (21 Del. C. § 2118); (2) Operation of an unregistered motor vehicle (21 Del. C. § 2101); (3) Fictitious or cancelled registration card, number, plate or tag (21 Del. C. § 2115); (4) Failure to signal continuously not < 300 feet or > ½ mile before turning (21 Del. C. § 4155) and; (5) Operating a vehicle with improper window tinting (21 Del. C. § 4313). (D.I. 1-1 at 5-7 (Attachment C)).

Plaintiff brings unspecified claims under the Fourth Amendment, civil claims for conspiracy and RICO, and claims under various criminal statutes, including 18 U.S.C. § 242.[1] Plaintiff asserts as his injuries: "deprived of constitutional rights, seized by way of handcuffs, property stolen, abandoned, extorted, pain and suffering, causing distress, humiliation and degradation." (D.I. 1 at 7). For relief, he seeks over one million dollars in damages.

Defendants move for dismissal. (D.I. 4). Plaintiff has filed a response in opposition. (D.I. 9).

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the

---

[1] Plaintiff also asserted a claim for "violation of oath of office," which is not a cognizable legal claim.

light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has

3

facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

### A. New Castle County Police Department

NCCPD falls under the umbrella of New Castle County. As such, the claims against it are no different than had they been raised against New Castle County. *See Batiste v. Lee*, 2004 WL 2419130, at *2 (Del. Super. Ct. Oct. 14, 2004) (holding that NCCPD is part of the municipality of New Castle County, is a

4

non-suable government entity, and may not be sued as a separate entity). A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A government policy is established by a "decisionmaker possessing final authority," while a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged, and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Casino Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the NCCPD was the "moving force" behind any alleged constitutional violation. His only relevant allegations is that "[d]ue to these civil rights violations [*i.e.*, his allegations against Defendant Nikituk], NCCPD is liable for negligent hiring, lack of training and lack of supervision." (D.I. 1 at 9). This conclusory allegation, inextricably tied to Plaintiff's allegations against Defendant Nikituk, fails to state a claim. The claims against NCCPD, therefore, will be dismissed.

5

### B. Fourth Amendment Claims

Plaintiff purports to bring Fourth Amendment challenges to the traffic stop, Defendant Nikituk's use of handcuffs, and the towing of Plaintiff's vehicle.

Traffic stops are "seizures" within the meaning of the Fourth Amendment, although "the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006). A "police officer who observes a violation of state traffic laws may lawfully stop the car committing the violation." *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)).

"Once a car has been legally stopped, the police may 'escalate' the encounter by visually inspecting the interior of the car, and checking credentials and asking questions of the occupants." *United States v. Whitney*, 2008 WL 2048182, at *5 (D. Del. May 9, 2008), aff'd, 350 F. App'x 627 (3d Cir. 2009) (citations omitted). "Once an officer has properly stopped a vehicle, the officer may 'exercise reasonable superintendence over the car and its passengers,' including by ordering the driver out of the vehicle." *Pierre v. McColgan*, 2021 WL 826302, at *7 (E.D. Pa. Mar. 3, 2012) (quoting *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004)). Merely alleging that a traffic stop was unlawful "is

6

insufficient to state a cognizable claim for a Fourth Amendment violation." *Tillison v. Delaware*, 2020 WL 2559797, at *3 (D. Del. May 20, 2020).

An officer may frisk an individual incident to an investigatory stop if a "reasonable prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *United States v. Calloway*, 571 F. App'x 131, 136 (3d Cir. 2014) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

Plaintiff has failed to state a Fourth Amendment claim. With regard to the initial stop, Plaintiff does not dispute that he had expired plates, that he failed to signal continuously before turning, and that he had improper window tinting. *See Bey ex rel. Ruiz v. McKinney*, 2017 WL 1024275, at *3 (D.N.J. Mar. 15, 2017) (holding that a police officer had probable cause to stop vehicle that was driven without a proper license plate). With regard to being handcuffed, Plaintiff concedes that he did not provide registration or proof of insurance when asked, and his allegations indicate that he essentially asserted that the laws did not apply to him. Defendant Nikituk's actions in handcuffing him were reasonable given Plaintiff's actions and assertions. *See Calloway*, 571 F. App'x at 136.

Finally, Delaware law provides for the towing of an unregistered vehicle. *See* 21 Del. C. § 6901. Accordingly, Plaintiff's Fourth Amendment claims will be dismissed.

7

### C. Alleged Violation of Criminal Statutes

A private party has no right to enforce criminal statutes, and Plaintiff therefore fails to state a claim in his attempts to invoke criminal statutes in this civil suit. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Accordingly, Plaintiff's claims based on alleged violations of criminal statutes will be dismissed.

### D. Civil Conspiracy, Racketeering, and Violation of Oath of Office

Plaintiff's conclusory assertion that Defendants conspired against him fails to state a claim. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (holding that, to survive a motion to dismiss, a plaintiff alleging unconstitutional conspiracy "must assert facts from which a conspiratorial agreement can be inferred"); *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989) (holding that the complaint "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose"). Accordingly, the civil conspiracy claim will be dismissed.

Also, in order to assert a civil claim under RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). Plaintiff has failed to allege facts satisfying any of the elements of a RICO claim. Thus, the RICO claim will be dismissed as well.

## IV. CONCLUSION

For all of the reasons discussed above, the Court will grant Defendants' motion to dismiss and direct the Clerk of Court to close this case.

An appropriate order will be entered.

9